March 22, 1876. MOREY'S APPEAL.

On a petition for the appointment of a guardian over a person as a spendthrift—*Held*, that the evidence must tend to show that the petitionee is a "spendthrift," within the statutory definition of the term, viz., "a person liable to be put under guardianship by reason of excessive drinking, gaming, idleness, debauchery, or vicious habits of any kind."

FROM THE GRAFTON PROBATE COURT.

APPEAL, from a decree of the court of probate, appointing a guardian over the appellant as a spendthrift.

An auditor was appointed to report the facts in the case. The auditor reported in substance that no evidence was offered tending to prove that the appellant was a person liable to be put under guardianship on account of excessive drinking, gaming, idleness, debauchery, or vicious habits of any kind, but that evidence was offered tending to show foolish or weak-minded habits of the appellant in the management of money; and the auditor therefore reported that the appellee failed to prove that at the time of making said decree, or at any time before or since then, said Morey was a spendthrift, or that at the time of making said decree there was sufficient cause for the appointment of a guardian over him.

*Sargent & Chase*, for the appellant.

*Duncan*, for the appellee.

CUSHING, C. J. The petition assigned as a reason for the appointment of a guardian, that the appellant was a spendthrift; but the auditor reports that no evidence was offered tending to show that the appellant was a spendthrift, within the statutory meaning of the term. Whether the facts offered to be proved would under any other form of petition justify the appointment of a guardian, need not be considered. It is sufficient for the purposes of this case that the evidence did not tend to sustain the petition, and therefore the decree must be reversed.

LADD and SMITH, JJ., concurred.

*Decree of probate court reversed.*